******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ROBINSON, C. J., concurring. I join the majority's well reasoned opinion in this case. I write separately only to highlight the importance of factual context in considering whether a statement, which facially may be susceptible to varying interpretations, rises to the level of a true threat, rendering it unprotected by the first amendment to the United States constitution. See, e.g., *Haughwout* v. *Tordenti*, 332 Conn. 559, 570–72, 211 A.3d 1 (2019); *State* v. *Taupier*, 330 Conn. 149, 193–94, 193 A.3d 1 (2018), cert. denied, U.S. , 139 S. Ct. 1188, 203 L. Ed. 2d 202 (2019); *State* v. *Krijger*, 313 Conn. 434, 454–55, 97 A.3d 946 (2014). The thoughtful analysis in the majority opinion aptly highlights how a defendant's conduct may provide the necessary context for a reasonable understanding of the meaning of his or her words. In my view, the majority opinion furnishes a cogent example of the searching and independent appellate review necessary to ensure that not every public expression of anger or frustration may be deemed to constitute criminal conduct, namely, a breach of the peace in the second degree in violation of General Statutes § 53a-181 (a).[1] See also General Statutes § 53a-181a (creating public disturbance is infraction).[2] I therefore join the majority's reversal of the judgment of the Appellate Court.

[1] General Statutes § 53a-181 (a) provides in relevant part: "A person is guilty of breach of the peace in the second degree when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or . . . (3) threatens to commit any crime against another person or such other person's property . . . . For purposes of this section, 'public place' means any area that is used or held out for use by the public whether owned or operated by public or private interests."

[2] General Statutes § 53a-181a (a) provides: "A person is guilty of creating a public disturbance when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he (1) engages in fighting or in violent, tumultuous or threatening behavior; or (2) annoys or interferes with another person by offensive conduct; or (3) makes unreasonable noise."